IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CIGNA HEALTHCARE OF ILLINOIS INC., and CIGNA HEALTH MANAGEMENT, INC., | ) ) ) ) |
| Defendants. | ) ) |

No. 22-cv-1581

Judge Jorge L. Alonso

## Memorandum Opinion and Order

Plaintiff Advanced Physical Medicine of Yorkville alleges that Defendants denied payment for therapeutic services rendered to one of its patients, Zachary Jump. It brings claims under the Employment Retirement Income Security Act ("ERISA") against Defendants Cigna Healthcare of Illinois, Inc. and Cigna Health Management, Inc. Defendants have filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the Court grants Defendants' motion.

## Background

The Court takes the following facts from the complaint. The health benefits plan at issue is CIGNA East, Plan No. xxxx768 ("the Plan"). Plaintiff alleges that Cigna Healthcare of Illinois, Inc. ("CHL") is the "plan provider" and Cigna Health Management, Inc. ("CHM") is the "plan administrator."

Plaintiff provided therapeutic services, allegedly covered under the Plan, to Zachary Jump between June 1, 2020, and August 18, 2020. Plaintiff alleges that Jump designated it as his authorized beneficiary and assigned his benefits under the Plan to it. As the authorized

representative, Plaintiff submitted claims to CHM, which CHM denied. It subsequently submitted three appeals, all of which CHM denied. The complaint further alleges that it requested the documentation on which CHM based its denial, but that CHM only provided the summary plan document ("SPD") seven months late and has provided no other documentation to date. In Count I of the complaint, Plaintiff seeks recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B). In Count II, Plaintiff seeks statutory penalties under 29 U.S.C. § 1132(a)(1)(A) for failure to provide plan documents, including but not limited to the SPD.

Defendants attach to their brief what they say is the controlling SPD.[1] This document names Starbucks Corporation—Jump's employer—as the Plan sponsor and "Plan Administrator". *See* Pl.'s Ex. A, 70, ECF No. 14-1. It further states that the Plan Administrator, *i.e.*, Starbucks Corp., "delegates to Cigna the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan." The Plan further includes an anti-assignment provision:

> You may not assign to any party, including, but not limited to, a provider of healthcare services/items, your right to benefits under this plan, nor may you assign any administrative, statutory, or legal rights or causes of action you may have under ERISA, including, but not limited to, any right to make a claim for plan benefits, to request plan or other documents, to file appeals of denied claims or grievances, or to file lawsuits under ERISA. Any attempt to assign such rights shall be void and unenforceable under all circumstances.

Pl.'s Ex. A, 59, ECF No. 14-1.

---

[1] Defendants ask the Court to consider the SPD document attached to their motion. Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim. *See Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987, F2d 429, 431 (7th Cir. 1993). Here, the Court finds that the SPD document is specifically referred to in Plaintiff's complaint, *see* Compl. ¶32, ECF No. 1, and central to her claims because it spells out the coverage agreement between Jump and his employer. Accordingly, the Court considers the SPD document attached to Defendants' motion.

In its response, Plaintiff does not dispute that these are true copies of the relevant SPD and agrees that CHL and CHM should be dismissed from this litigation. *See* Pl.'s Resp. ¶1, ECF No. 19. But Plaintiff contends that the Court should grant it leave to amend, naming Starbucks Corporation as the proper defendant. CHL and CHM argue that Plaintiff is not a proper party due to the anti-assignment clause and therefore the Court should dismiss Plaintiff's complaint with prejudice.

## Legal Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Discussion

To bring an action under ERISA, a party must be a plan participant, beneficiary, or fiduciary. *See* 28 U.S.C. § 1132(a). Plaintiff is neither a participant nor fiduciary. Instead, Plaintiff argues that it is a beneficiary because it is Jump's authorized representative. *See* Pl.'s Resp. ¶¶2-3, ECF No. 19.

The Seventh Circuit has held that "when a 'participant' assigns to a medical provider the right to receive the participant's entitlement under the plan, this makes the provider a 'beneficiary'" under ERISA. *Penn. Chiropractic Ass'n v. Independence Hosp. Indem. Plan, Inc.*, 802 F.3d 926, 928 (7th Cir. 2015) (citing *Kennedy v. Conn. Life Ins. Co.*, 924 F.2d 698 (7th Cir. 1991)). A plan, however, can prohibit assignments, which bars the assignee's claims under ERISA. *See Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 615 (7th Cir. 2002) ("[C]laims for welfare benefits ... are assignable, provided of course that the ERISA plan itself permits assignment, assignability being a matter of freedom of contract in the absence of a statutory bar."); *Kennedy*, 924 F.2d at 700 ("Because ERISA instructs courts to enforce strictly the terms of plans, an assignee cannot collect unless he establishes that the assignment comports with the plan."); *see also Griffin v. Seven Corners, Inc.*, 2021 WL 6102167, at *2 (7th Cir. Dec. 22, 2021) (affirmed summary judgment for plaintiff medical provider on a claim that was invalidly assigned to the provider under the plan's terms); *Hoogenboom v. Trustees of Allied Servs. Div. Welfare Fund*, 2022 WL 874662, at *4 (N.D. Ill. Mar. 24, 2022); *DeBartolo v. Blue Cross/Blue Shield of Ill.*, No. 01 C 5940, 2001 WL 1403012, at *5 (N.D. Ill. Nov. 9, 2001) ("A health care provider's right to recover under ERISA as an assignee ... depends on the health care provider having a valid, enforceable assignment agreement. An assignment is not valid and enforceable if the plan contains an anti-assignment provision.").

The Court concludes that Plaintiff is not a beneficiary. ERISA instructs courts to enforce the terms of an ERISA plan strictly. *See Kennedy*, 924 F.2d at 700. Therefore, even if a beneficiary designates and assigns rights and benefits to a medical provider, the provider may not collect statutory penalties unless the assignment is valid under the plan's terms. *Id.*; *Pennsylvania Chiropractic Ass'n*, 802 F.3d at 928.

But the Plan here contains an anti-assignment provision, specifically barring the assignment of the "right to benefits under [the] plan[.]" Pl.'s Ex. A, 59, ECF No. 14-1. In addition, the Plan states that you (*i.e.*, a covered person) may not "assign any administrative, statutory, or legal rights or causes of action you may have under ERISA, including, but not limited to, any right to make a claim for plan benefits, to request plan or other documents, to file appeals of denied claims or grievances, or to file lawsuits under ERISA. Any attempt to assign such rights shall be void and unenforceable under all circumstances." *Id.* In light of this clear anti-assignment provision, Plaintiff cannot proceed on its ERISA claims against Defendants because the benefits are not assignable.

Similarly, Plaintiff's contention that it is a beneficiary because it was Jump's authorized representative lacks a basis in law. An ERISA beneficiary is someone "entitled to a benefit" under a plan, 29 U.S.C. §1002(8), not someone authorized to vindicate another's right to benefits. *See LB Surgery Center LLC, v. Boeing Co.*, Case No. 2017-cv-282, 2017 WL 5171222, at *4 (N.D. Ill. Nov. 8, 2017) (citing *Univ. of Wis. Hosps. & Clinics Auth. v. Costco Emp. Benefits Program*, Case No. 15-cv-412, 2015 WL 9455851, at *2 (W.D. Wis. Dec. 23, 2015)). Being designated as Jump's authorized representative does not change the fact that Jump is the real party-in-interest and the proper beneficiary under the Plan. And because being an authorized representative does not entitle that representative to any benefit under a plan, representing an

5

ERISA beneficiary does not make a provider an ERISA beneficiary itself. Accordingly, the Court dismisses Count I with prejudice.

The same analysis applies to Count II. In addition, dismissal of this count is also appropriate because a claim for failure to provide plan documents must be asserted against the plan administrator. *Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 794 (7th Cir. 2009). But neither CHM nor CHL is the plan administrator; Starbucks is. Accordingly, the Court also dismisses Count II.

## Conclusion

For the reasons above, the Court grants Defendants' motion to dismiss [13]. Because repleading would be futile, the Court dismisses the complaint with prejudice. Civil case terminated.

**SO ORDERED.**                                     **ENTERED: January 23, 2023**

_____
**HON. JORGE ALONSO**
**United States District Judge**